UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK A. GYETVAY,

    Plaintiff,

v.                                        CASE NO. _____

THE INTERNAL REVENUE
SERVICE,

    Defendant.
_____/

**PLAINTIFF MARK A. GYETVAY'S COMPLAINT
FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Mark A. Gyetvay, by and through undersigned counsel, files this Complaint for injunctive relief and damages against the Internal Revenue Service ("IRS" or "the Service") to compel the Service to comply with the Freedom of Information Act ("FOIA"), codified at Title 5, United States Code, Section 552.

Mr. Gyetvay requested four categories of agency records from IRS pursuant to FOIA, all of which relate to the period 2006 through 2016: (1) documents related to any IRS review of Mr. Gyetvay's income tax returns, foreign bank account reports (FBARs), and/or international information returns; (2) documents related to a submission Mr. Gyetvay made to the IRS pursuant to its Streamlined Foreign Offshore Procedures (SFOP); (3)

1

documents related to any criminal investigation of Mr. Gyetvay and the IRS's decision to refer (or not to refer) Mr. Gyetvay to the United States Department of Justice; and (4) documents related to a purported whistleblower.

In its response to Mr. Gyetvay's FOIA requests the IRS admitted that it had located 11,978 responsive files totaling 20.8 GB of information. However, the IRS produced just 0.00356 GB of that data and withheld approximately 20.796435 GB of responsive data "in full." The only documents the IRS produced were redacted (but publicly available) court filings—documents that Mr. Gyetvay's FOIA requests did not even seek. The IRS cited FOIA exemptions (b)(3) and (b)(7)(A) in support of the redactions.[1] The IRS did not cite any FOIA exemptions or exceptions for any of the over 11,000 files it withheld "in full." Thus, Mr. Gyetvay brings this action for injunctive relief and damages to compel the IRS to disclose the records to which he is entitled.

## I. JURISDICTION AND VENUE

1. Mr. Gyetvay is a resident of Naples, Florida.

2. The IRS is an agency of the United States within the meaning of Title 5, Section 552(f)(1), United States Code, is headquartered at 1111 Constitution Avenue NW, Washington, D.C. 20224, within the District of

---

[1] The IRS merely redacted the forepersons' signatures on the copies of the publicly available documents that were produced.

Columbia, and has possession and control over the records that Mr. Gyetvay seeks in his FOIA requests.

3. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper is this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## II. THE FREEDOM OF INFORMATION ACT

5. Federal agencies, such as the IRS, are required under FOIA to release agency records to the public unless a valid statutory exemption applies. 5 U.S.C. § 552(a)(3)(A).

6. When Congress created FOIA, it intended it to be "a broad disclosure statute which evidences a strong public policy in favor of public access to information in the possession of federal agencies." *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1190 (11th Cir. 2007) (citation and quotation marks omitted).

7. Records are "agency records" under FOIA if the agency created or obtained them and the agency controlled them at the time requested. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8. If an agency either fails to respond within the statutory period or fails to provide the complete set of records requested, the requestor "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

9. While FOIA permits the requestor to file suit immediately upon exhaustion of administrative remedies, it also requires agencies to establish an administrative appeals procedure. 5 U.S.C. § 552(a)(6)(A)(i)(I)(aa).

10. FOIA confers upon this Court jurisdiction to review, *de novo*, an agency's failure to provide requested records and to order the production of any records improperly withheld from the requester.

11. FOIA permits this Court to assess reasonable attorney's fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. § 552(a)(4)(E).

### III. BACKGROUND

12. On January 31, 2022, Mr. Gyetvay filed FOIA requests with the IRS seeking records relating to the period 2006 through 2016 (the "January 31st FOIA Request"). In the January 31st FOIA Request, Mr. Gyetvay specifically requested the following records related to him for that time period:

> Any and all transcripts of account, tax modules, administrative files, case files, desk files, group files, audit/examination files, and files of revenue agents, revenue officers, and/or criminal investigators.;

> Any and all documents relating to any audits or investigation of Mr. Gyetvay prepared by or retained by independent consultants or experts (including but not limited to investigators, economists, engineers, and appraisers), wherever located, which are not otherwise included in the administrative files or submitted with the files of the revenue agents, revenue officers or criminal investigators;

Any and all documents relating to Mr. Gyetvay, or the tax matters of Mr. Gyetvay, obtained from third parties, either voluntarily or involuntarily, *e.g.*, pursuant to summonses or subpoenas.

Any and all documents relating to the income tax returns that Mr. Gyetvay filed for tax years 2006, 2007, and 2008, including but not limited to any documents relating to the IRS determination to commence an examination of those tax returns or to *not* commence an examination of those tax returns;

Any and all documents relating to Mr. Gyetvay's SFOP submission, including but not limited to the SFOP submission itself, any communications, memoranda, notes, and/or other materials related to any IRS's review or action with respect to the SFOP submission;

Any and all documents related to [IRS-Criminal Investigation Division's] decision to refer Mr. Gyetvay's SFOP submission to the Department of Justice Tax Division and/or all documents related to [IRS-Criminal Investigation Division's] decision to *not* refer (or to decline to refer) Mr. Gyetvay's SFOP submission to the Department of Justice Tax Division;

Identify all IRS employees who were involved with the subject matter of [Mr. Gyetvay's FOIA] request.

Any and all documents related to the income tax returns that Mr. Gyetvay filed for tax years 2009 and 2010, including but not limited to any documents relating to the IRS determination to commence an examination of those tax returns or to *not* commence an examination of those tax returns;

Any and all documents related to the income tax returns that Mr. Gyetvay filed for tax years 2014 and 2015, including but not limited to any documents relating to the IRS determination to commence an

5

examination of those tax returns, to *not* commence an examination of those tax returns, or to issue a refund to Mr. Gyetvay;

Any and all documents related to the amended income tax returns that Mr. Gyetvay filed for tax years 2011, 2012, and 2013, including but not limited to any documents relating to the IRS determination to commence an examination of those tax returns, to *not* commence an examination of those tax returns, or to issue refunds to Mr. Gyetvay;

Copies of any and all Tax Treaty Requests or Mutual Legal Assistance Treaty Requests made by the United States government regarding Mr. Gyetvay or any accounts purportedly owned or controlled by Mr. Gyetvay including all communications, correspondence, and other documents relating to those requests;

Any and all communications and/or documents by and/or between IRS and the Department of Justice relating to Tax Treaty Requests or Mutual Legal Assistance Treaty requests made by the United States government regarding Mr. Gyetvay or any accounts purportedly owned or controlled by Mr. Gyetvay

Any and all documents related to [the] [PricewaterhouseCoopers] (PwC) Whistleblower that the Tax Division disclosed to Mr. Gyetvay's counsel on or about December 7, 2021, including but not limited to the Form 211 and supporting documents that the PwC Whistleblower submitted to the IRS seeking a monetary award, documents relating to any interviews or contacts with the PwC Whistleblower, documents sent by the IRS to the PwC Whistleblower, and documents sent by the PwC Whistleblower to the IRS; and

> Any and all communications and/or documents by and/or between the IRS and DOJ relating to the PwC Whistleblower.

13. On February 25, 2022, the IRS issued a final response to Mr. Gyetvay's FOIA requests and admitted that it had located 11,978 responsive files amounting to approximately 20.8GB of information. However, the IRS produced just 0.00356 of data and withheld approximately 20.796435GB of responsive data "in full."

14. The only documents that the IRS produced in response to Mr. Gyetvay's FOIA requests were redacted versions of publicly available court filings—documents that Mr. Gyetvay's FOIA request had not even sought. The IRS cited FOIA exemptions (b)(3) and (b)(7)(A) as support for the redactions to those two documents.

15. The IRS did not cite any FOIA exemption or exception for any of the over 11,000 files that it admitted it had withheld "in full."

16. The IRS's final response also advised Mr. Gyetvay that the IRS had rejected his request for a *Vaughn* index.

17. On or about May 24, 2022, Mr. Gyetvay timely filed an administrative appeal of the IRS's final response to the IRS's Independent Office of Appeals ("IRS Appeals") and argued that: (a) the IRS had failed to

respond to the FOIA requests in any meaningful way; and (b) the IRS's response had failed to describe the records that it had withheld.

18. On or about June 2, 2022, IRS Appeals acknowledged receipt of Mr. Gyetvay's administrative appeal.

19. On or about June 14, 2022, IRS Appeals responded to Mr. Gyetvay's administrative appeal, sustained the large-scale withholding of admittedly responsive documents, and cited, *inter alia*, FOIA exemptions (b)(7)(A) (law enforcement) and (b)(3) (together with Rule 6(e) of the Federal Rules of Criminal Procedure) as the reasons for withholding the responsive documents from Mr. Gyetvay.

20. The June 14, 2022 decision of IRS Appeals, sustaining the withholding of nearly all records responsive to Mr. Gyetvay's FOIA requests, further rejected Mr. Gyetvay's request for a *Vaughn* index, reasoning that his request was premature.

21. Like the IRS's final response to Mr. Gyetvay's FOIA requests, the June 14, 2022 decision of IRS Appeals similarly failed to respond to the requests in any meaningful way, and again failed to describe the nature of the withheld responsive records or identify which FOIA exemptions or exceptions applied to specific documents withheld from Mr. Gyetvay.

22. The June 14, 2022 decision of IRS Appeals advised Mr. Gyetvay that he had the right to file a complaint in the U.S. District Court where he

resides, where he has his principal place of business, where the IRS records are located, or in the District of Columbia. Therefore, Mr. Gyetvay has exhausted his administrative remedies within the meaning of FOIA.

### **COUNT I – VIOLATION OF FOIA**

23. Mr. Gyetvay incorporates by reference the above paragraphs as if fully set forth in Count I.

24. The IRS is an agency subject to FOIA.

25. On or about January 31, 2022, Mr. Gyetvay submitted a valid and proper FOIA request for records within the IRS's control related to his tax files and any records related to any examination, audit, inquiry, or criminal referral of him.

26. By withholding over 11,000 admittedly responsive files, failing to describe any of the withheld documents, failing to invoke any FOIA exemption or exception as to any specific withheld document, and by failing to provide Mr. Gyetvay with a *Vaughn* index, the IRS violated FOIA.

27. Mr. Gyetvay has exhausted his administrative remedies under FOIA.

28. Any and all conditions precedent have been satisfied.

## **PRAYER FOR RELIEF**

WHEREFORE, Mark Gyetvay prays that the Court will grant the following relief and any other such relief that the Court deems just and proper:

(1) Enjoin the IRS from withholding the responsive records it has identified and order the IRS to produce to Mr. Gyetvay the records he seeks pursuant to 5 U.S.C. § 552(a)(4)(B);

(2) Order the IRS to conform to the rules relating to redacting documents; and

(3) Assess against the IRS the reasonable attorneys' fees and other litigation costs that Mr. Gyetvay reasonably incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E).

Respectfully submitted,

**/s/ Matthew J. Mueller**
Matthew J. Mueller, FBN: 0047366
FOGARTY MUELLER HARRIS, PLLC
501 E. Kennedy Blvd., Suite 790
Tampa, FL 33602
Tel:  813-682-1730
Fax:  813-682-1731
Email: matt@fmhlegal.com
*Attorney for Plaintiff Mark A. Gyetvay*